IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ADRIAN REMBERTO PEREZ MARINERO,<br><br>                Petitioner,<br><br>vs.<br><br>PAMELA BONDI, Attorney General, et al.,<br><br>                Respondents. | 0:26-CV-1007<br><br>MEMORANDUM AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

       The petitioner[1] is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE), seeking a writ of habeas corpus under 28 U.S.C. § 2241. The petitioner contends their detention is unlawful due to denial of a bond hearing pursuant to 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1). *See* filing 1. The government responds that detention is mandatory, not discretionary, and the petitioner is not eligible to be released. *See* filing 4.

       The briefing demonstrates that the petitioner's application for the writ only presents issues of law—and the government does not dispute this point, having been directed to address it, *see* filing 2 at 2; filing 4 at 15—so the Court declines to hold a hearing. *See* § 2243. The Court will grant the petition for the reasons thoroughly articulated by this Court in *Velasco Hurtado v. Bondi*, No. 0:26-CV-546, 2026 WL 184884 (D. Minn. Jan. 24, 2026). The government shall immediately—if necessary—return the petitioner to the state of Minnesota and release the petitioner from custody.

---

[1] The Court finds that the uncontroverted allegations of the petition sufficiently establish the standing of the petitioner's next friend to bring this action on behalf of the petitioner. *See* 28 U.S.C. § 2242; *see also Whitmore v. Arkansas*, 495 U.S. 149, 165-65 (1990); *Yessenia S.T. v. Bondi*, No. 26-CV-30, 2026 WL 102407, at *2 (D. Minn. Jan. 14, 2026).

The government has suggested that there *may* be an administrative warrant for the petitioner's arrest, but that it's unable to produce the warrant at this time. *See* filing 5. The existence of a warrant matters, because it's the warrant that triggers 28 U.S.C. § 1226(a). If arrested pursuant to a warrant, the petitioner would be entitled to a bond hearing; if not arrested pursuant to a warrant, the petitioner is entitled to outright release. *See Velasco Hurtado v. Bondi*, 2026 WL 184884, at *6 (citing *Ahmed M. v. Bondi*, No. 25-CV-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases)).

But nothing has been shown. "Habeas corpus" may literally mean "have the body," but in the present context it really means "have the warrant," and ICE apparently doesn't. All the Court has is hearsay from an unnamed ICE functionary who "believe[s]" there's a warrant for the petitioner, but it's "not uploaded to their system." Filing 5. That's not the same as saying there *is* a warrant, and it's tantamount to admitting the petitioner wasn't arrested pursuant to one, because it's hard to see how ICE could have arrested the petitioner on a warrant when ICE can't even say for sure whether one exists. And issuing an administrative warrant after an arrest, if authorities even did that much, isn't good enough to trigger § 1226(a). *See Alberto C.M. v. Noem*, No. 0:26-cv-380, 2026 WL 184530, at *2-3 (D. Minn. Jan. 23, 2026).

What the declaration filed by the government's counsel establishes is only that he asked his client for proof that the petitioner was detained lawfully, and his client was unable to provide it to him. The Court is neither obliged nor inclined to invite a further response, *see Fontenot v. Crow*, 4 F.4th 982, 1058 (10th Cir. 2021), given that the entire purpose of the return is to set up the facts warranting denial, *see Gladden v. Gidley*, 337 F.2d 575, 578 (9th Cir. 1964) (citing *Walker v. Johnston*, 312 U.S. 275 (1941)).

In short, the government was expressly directed to address whether the petitioner was arrested pursuant to a warrant and, if so, to provide a copy of that warrant. *See* filing 2 at 2. The government's counsel tried, but the most

ICE can say is that a warrant *might exist, somewhere* . . . and pointedly hasn't even actually said that the petitioner was arrested pursuant to one. On that record, outright release is the appropriate remedy. Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is granted.

2. The government shall, if necessary, immediately return the petitioner to the District of Minnesota.

3. When the petitioner is in Minnesota, the government shall immediately release the petitioner from custody with no new conditions, and shall return any personal property seized from the petitioner when detained.

4. No later than **February 11, 2026**, the government shall file a status report certifying compliance with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated this 9th day of February, 2026.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge

3